**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-4461**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ANTHONY R. MILLER, a/k/a Tony Miller,

              Defendant - Appellant.

---

**No. 09-4462**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CATHERINE MILLER,

              Defendant - Appellant.

---

Appeals from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, Chief District Judge. (1:08-cr-00023-jpj-pms-1; 1:08-cr-00023-jpj-pms-2)

---

Submitted: August 12, 2010      Decided: September 2, 2010

---

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

———————————

David L. Scyphers, SCYPHERS & AUSTIN, PC, Abingdon, Virginia, for Appellants. Julia C. Dudley, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Miller was convicted following a jury trial of two counts of making false statements affecting disability insurance to the Social Security Administration ("SSA") in violation of 42 U.S.C. § 408(a)(3) (2006), and one count of concealing events affecting his continued right to disability insurance in violation of 42 U.S.C. § 408(a)(4) (2006). Catherine Miller, his wife, was convicted of one count of making false statements to the SSA, also in violation of 42 U.S.C. § 408(a)(3). Anthony Miller was sentenced to six months in prison, while Catherine Miller was sentenced to fifteen months in prison.

On appeal, the Millers raise five issues: (1) whether there was sufficient evidence to sustain their convictions; (2) whether the district court erred in admitting documents from Anthony Miller's SSA file; (3) whether the district court erred in admitting investigatory notes taken during an interview with the Millers; (4) whether the district court erred in admitting evidence from outside the chronological scope of the indictment; and (5) whether the district court erred in excluding evidence of the Millers' pending SSA appeal. For the reasons that follow, we affirm.

I.    Sufficiency of the Evidence

"A defendant challenging the sufficiency of the evidence faces a heavy burden."  United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007).  This court reviews a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005).  We review both direct and circumstantial evidence, and accord the Government all reasonable inferences from the facts shown to those sought to be established.  United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).  In reviewing for sufficiency of the evidence, we do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in the testimony in favor of the Government.  United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007).  We will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution.  Foster, 507 F.3d at 244-45.

Here, the Government introduced substantial evidence that Anthony and Catherine Miller made false statements to the SSA.  In October 2004, Anthony Miller wrote to the SSA and stated that he was unable to do more for his business, Tony

4

Miller Construction, than "give some advice occasionally." Later, in a 2006 interview with an SSA claims representative, the Millers each stated that Catherine Miller did all of the work in the company. In a later interview with SSA Office of Inspector General Agent Paul Ragland, the Millers stated that "it is not correct that Catherine Miller does all the work." While Catherine Miller disputes this account of their interview with Agent Ragland, the jury was entitled to make a credibility determination and conclude that Agent Ragland was credible when he testified as to his interview with the Millers.

In addition, the Government introduced the testimony of numerous witnesses who described Anthony Miller taking an active role in the running of the construction business; engaging in a broad range of activities such as making repairs to homes, negotiation of contracts, and supervision of employees. Though Anthony Miller does have a life-threatening brain tumor that has caused him significant vision impairments, the jury had sufficient evidence before it to determine that he was still actually working. While the Millers introduced testimony from a vocational expert who determined that based on Anthony Miller's disability, there was no job that he could perform, the jury was free to reject that opinion as contradicted by the testimony of Government's witnesses who saw Anthony Miller actually performing significant work.

In addition, the Government introduced evidence that Anthony Miller knew he was under an obligation to inform the SSA if he was able to work while he was receiving disability insurance benefits, and that he did not do so.

The evidence was thus more than sufficient to show that Anthony and Catherine Miller made false statements to the SSA, and that Anthony Miller was able to work and failed to disclose that information to the SSA.

## II. Admissibility of SSA Documents

Through the testimony of James Horton, an SSA Acting District Manager, the Government admitted several documents from Anthony Miller's SSA file, including Anthony Miller's 1994 SSA application, his 2004 work activity report, and his tax returns for 2002 through 2005. The Millers argue that Horton's testimony was insufficient to authenticate these documents and they should have been excluded.

The authentication requirement may be met by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). By way of illustration, the rule provides that public records may be authenticated by providing evidence that the record is from the public office where items of that nature are kept. Fed. R. Evid. 901(b)(7). Here, the district court had ample evidence

6

that Anthony Miller's social security filings were kept at the SSA as a matter of course. Horton, though not the custodian of the records, testified that he received them from another SSA office, and that they are in the custody of the SSA office. Horton's testimony was sufficient to authenticate the documents from Anthony Miller's SSA file.

For the first time on appeal, the Millers argue that introduction of the documents was improper in light of the Sixth Amendment's Confrontation Clause, Crawford v. Washington, 541 U.S. 36 (2004), and the recent Supreme Court decision in Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009). However, the documents were not prepared for the purpose of proving some fact at trial, and are therefore not testimonial within the meaning of the Confrontation Clause. See Crawford, 541 U.S. at 51. Thus, this argument fails.

III. Admissibility of Agent Ragland's Notes

The district court, over the Millers' objection, admitted the notes that Agent Ragland took during his interview with the Millers. At trial, Ragland testified that he took notes. Catherine Miller testified that she did not see Ragland taking notes during the interview. The district court admitted the notes into evidence during Ragland's rebuttal testimony. Ragland's notes are probative here, not necessarily for their

content, but for their value to the jury in weighing the credibility of witnesses as to a disputed fact, i.e., whether notes were taken during Ragland's interview with the Millers. We do not see a basis for excluding the notes under Fed. R. Evid. 403, as the notes' prejudicial effect did not substantially outweigh their probative value.[*]

IV. Evidence Outside the Scope of the Indictment

The Millers argue that the district court improperly allowed witnesses to testify as to work allegedly performed in 2002, prior to the date listed in Count Four of the indictment. Evidence of events prior to 2003 was relevant and admissible, even though Count Four of the indictment alleged crimes that took place in 2003 and later. The Millers' conduct prior to 2003 was at issue at trial, given that the allegedly false work history reports were generated in response to the Millers' 2002 tax return. Evidence that Anthony Miller was working in 2002 is relevant to show that the Millers' numerous claims that Catherine Miller did all the work in 2002 were false. The

---

[*] The case cited by the Millers as a basis for exclusion, United States v. Al-Moayad, 545 F.3d 139 (2d Cir. 2008), is inapplicable. Al-Moayad dealt with an undercover informant whose notes were taken after the fact and admitted for the truth of their content, not as evidence that notes were taken.

8

district court did not err in admitting testimony that Anthony Miller worked in 2002 and earlier.

V.  Admissibility of Evidence of the Millers' Pending SSA Appeal

The Millers argue that the district court erred in refusing to admit evidence that they had an appeal pending before the SSA on the issue of whether Anthony Miller's Social Security disability benefits should be suspended. Relevant evidence may be excluded if "its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The district court was within its prerogative to exclude evidence of the Millers' pending SSA appeal on the basis of Fed. R. Evid. 403. Whether the Millers had an appeal pending before the SSA at the time of trial was of no moment to the ultimate issues in the case: whether the Millers made materially false statements to the SSA and whether Anthony Miller failed to disclose the fact that he was working. The district court could have properly concluded that evidence of this sort was likely to confuse the jury and unduly delay the trial.

9

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED